UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re TERESA TRINH,<br>          Petitioner,<br>      v.<br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br>          Respondent. | Case No. 14-mc-80337-MEJ<br><br>**ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO AMEND**<br><br>Re: Dkt. Nos. 1, 6 |

## INTRODUCTION

Petitioner Teresa Trinh ("Petitioner") filed this action seeking an order permitting her to amend her naturalization certificate to reflect her true birth date. Mot. to Amend Naturalization Certificate, Dkt. No. 1 ("MTA"). Before the Court is Respondent United States Citizenship and Immigration Service's ("USCIS") Motion to Dismiss for lack of subject matter jurisdiction. Dkt. No. 6 ("MTD"). Petitioner has filed an Opposition to USCIS's Motion (Dkt. No. 12), and USCIS filed a Reply (Dkt. No. 13). As part of the briefing on USCIS's Motion to Dismiss, the parties have also addressed the substance of Petitioner's Motion to Amend her Naturalization Certificate. The Court finds these matters suitable for disposition without oral argument and VACATES the June 25, 2015 hearing. *See* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court DENIES USCIS's Motion to Dismiss and GRANTS Petitioner's Motion to Amend for the reasons set forth below.

## BACKGROUND

Petitioner was born in Vietnam. MTA at 3. As a child, she and her family fled the communist regime in Vietnam and escaped to a Malaysian refugee camp. *Id.* at 3-4. Petitioner and her family did not have any identification documents with them when they were forced to flee

Vietnam. *Id.* at 4. Consequently, Petitioner did not have any written documentation confirming her date of birth at the time of her medical examination and refugee application with United States immigration authorities. *Id.* She was also unable to inform officials of her birthdate herself, as she did not have any indicators of her age. *Id.* Her parents never told her how old she was or celebrated her birthday, and school classes were not separated by age. *Id.*

In Malaysia, United States officials recorded Petitioner's birth year as 1966.[1] *Id.* Petitioner's parents have not explained how immigration authorities arrived at this date, though Petitioner alleges the date was the result of interactions between the United States government and her parents, not Petitioner herself. *Id.*

Petitioner reported her year of birth as 1966 when she applied for naturalization in 1985. *Id.* She became a naturalized United States citizen that same year, and her naturalization certificate also recorded her birth year as 1966. *Id.*; Ex. A (Pet'r's Naturalization Certificates). In 2009,[2] Petitioner's mother traveled to Vietnam and obtained a copy of Petitioner's birth certificate. MTA at 5. The birth certificate listed Petitioner's birth year as 1964, not 1966 as she had previously believed. *Id.* Petitioner alleges that this was the first time she learned her true birth date. *Id.*

Later in 2009, Petitioner filed a Form N 565, Application for Replacement Naturalization/Citizenship Document, to replace her lost naturalization certificate and to correct her date of birth. *Id.* USCIS issued a new certificate but refused to amend the birth date. *Id.* Petitioner made another request for an amended naturalization certificate in November 2013, which USCIS denied in February 2014. *Id.* Petitioner then appealed to the USCIS Administrative

---

[1] Pursuant to Federal Rule of Civil Procedure 5.2, Petitioner omits reference to the month and day of her birth.

[2] The parties dispute the year that Petitioner first obtained her birth certificate. In her Motion, Petitioner states that her mother retrieved her birth certificate from Vietnam in 2009. MTA at 5; Ex. C (Pet'r Decl.). However, USCIS points to inconsistencies in Petitioner's statements; namely, a declaration she signed in 2013 as part of her application to amend her certificate. MTD at 12. In the 2013 declaration, Petitioner states that she obtained her birth certificate in 2003. MTA, Ex. G (2013 USCIS Appl. to Amend Naturalization Certificate).

Appeals Office. *Id.* Her appeal was denied on July 8, 2014. *Id.*

On December 10, 2014, Petitioner filed the present action with her Motion to Amend Naturalization Certificate to correct her birth year from 1966 to 1964. Dkt. No. 1. On January 13, 2015, USCIS filed its Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1), on the ground that Petitioner has failed to meet her burden to establish that this Court has subject matter jurisdiction to amend her naturalization certificate. MTD at 1.

## LEGAL STANDARD

Federal district courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted). Federal Rule of Civil Procedure 12(b)(1) authorizes a party to move to dismiss a lawsuit for lack of subject matter jurisdiction.

A jurisdictional challenge may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where the attack is facial, the court determines whether the allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction, accepting all material allegations in the complaint as true and construing them in favor of the party asserting jurisdiction. *Warth v. Seldin*, 422 U.S. 490, 501 (1975). Where the attack is factual, however, "the court need not presume the truthfulness of the plaintiff's allegations." *Safe Air for Everyone*, 373 F.3d at 1039. In resolving a factual dispute as to the existence of subject matter jurisdiction, a court may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment. *Id.*; *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (holding that a court "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction.").

Once a party has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the opposing party bears the burden of establishing the Court's jurisdiction. *Kokkonen*, 511 U.S. at 377; *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

## DISCUSSION

USCIS argues the Court lacks subject matter jurisdiction over this matter, and further that

Petitioner cannot meet Federal Rule of Civil Procedure 60's requirements to allow the Court to amend her naturalization certificate. MTD at 1. *Id.* The Court considers these challenges below.

**A.     Subject Matter Jurisdiction**

In 1990, Congress transferred the authority to order certificates of naturalization from the judiciary to the executive branch, effective October 1, 1991. *See* Immigration Act of 1990, Pub. L. No. 101-649 § 401(a), 104 Stat. 5046 (1990) (codified at 8 U.S.C. § 1421(a)) ("The sole authority to naturalize persons as citizens of the United States is conferred upon the Attorney General."). However, courts retain jurisdiction to amend judicial naturalization certificates issued before October 1, 1991. *See* Fed. R. Civ. P. 60; *Matter of Shrewsbury*, 77 F.3d 490, 1996 WL 64988, at *1 (9th Cir. Feb. 12, 1996) (unpublished)[3]; *McKenzie v. U.S. Citizenship & Immigration Servs., Dist. Dir.*, 761 F.3d 1149, 1152, 1156 (10th Cir. 2014).

Petitioner naturalized in 1985, and this Court issued a certificate of naturalization that same year. MTA at 1, 4; Ex. A at 1 (Pet'r's 1985 Naturalization Certificate). USCIS concedes that courts have jurisdiction to amend naturalization certificates issued by that court's order. MTD at 1. Accordingly, the Court finds that it has subject matter jurisdiction to be able to amend the Petitioner's naturalization certificate under the prior version of the statute, 8 U.S.C. § 1451(i) (1990). *See Magnuson v. Baker*, 911 F.2d 330, 335 n.11 (9th Cir. 1990); *Jung Ai Shin v. U.S. Citizenship & Immigration Servs.*, 2013 WL 571781, at *3 (C.D. Cal. Feb. 13, 2013) (finding authority to amend petitioner's naturalization certificate under § 1451(i) where petitioner was

---

[3] Although *Shrewsbury* is an unpublished opinion and carries no precedential value, courts in this district have nevertheless recognized it as permitting the exercise of jurisdiction over petitions to amend naturalization certificates that were issued by a district court before October 1, 1991. *See, e.g.*, *Odiye v. U.S. Citizenship & Immigration Servs., Dist. Dir.*, 2015 WL 1300031, at *1 (N.D. Cal. Mar. 18, 2015) ("Courts retain jurisdiction to amend judicial naturalization certificates issued before October 1, 1991." (citing *Shrewsbury*, 1996 WL 64988, at *1)); *Yeshiwas v. U.S. Citizenship & Immigration Servs.*, 2013 WL 5289061, at *5 (N.D. Cal. Sept. 19, 2013) (finding jurisdiction to amend naturalization certificate issued by court order pursuant to 8 U.S.C. § 1451(i)); *In re Chehrazi*, 2012 WL 3026537, at *3 (N.D. Cal. July 24, 2012) (deriving jurisdictional authority to amend naturalization certificate from *Shrewsbury*); *Kennedy v. U.S. Citizenship & Immigration Servs.*, 871 F. Supp. 2d 996, 1007 (N.D. Cal. 2012) (finding jurisdiction to be able to amend date of birth for petitioner who naturalized in 1984); *In re Mohammad Atiq Taymuree*, 2009 WL 3817922, at *2 (N.D. Cal. Nov. 12, 2009) (finding jurisdiction to amend pre-1990 naturalization order pursuant to *Shrewsbury*); *In re Lee*, 2007 WL 926501, at *2 (N.D. Cal. Mar. 26, 2007) (same).

1  originally naturalized by the Central District in 1980).

**B.     Amendment Based on Rule 60(b)(6)**

Having found that the Court has subject matter jurisdiction, the issue is whether the Court will exercise its power to amend Petitioner's naturalization certificate. Petitioner argues that the Court should amend her naturalization certificate pursuant to Rule 60(b)(6). MTA at 8-10; *see* Fed. R. Civ. P. 60(b) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief."). She contends that "being unaware of one's own birthday well into adulthood is certainly an extraordinary circumstance," and that "the conditions which led to that lack of knowledge . . . underscore the extraordinary nature of her situation." MTA at 8-9.

USCIS, however, argues that Petitioner fails to show extraordinary circumstances to justify relief under Rule 60(b)(6). MTD at 12. Even if her incorrect year of birth was an honest mistake, USCIS contends that Petitioner does not demonstrate that she acted diligently to correct the error. *Id.* USCIS presents evidence that Petitioner first obtained her birth certificate in 2003, not in 2009, as Petitioner asserts in her motion. *Id.* at 12; MTA, Ex. G (2013 USCIS Appl. to Amend Naturalization Certificate). USCIS contends that waiting at least 18 years after naturalizing before attempting to obtain her birth certificate, and then waiting until 2009 to correct her naturalization certificate show a lack of diligence that fails to constitute extraordinary circumstances. MTD at 12, 14.

Petitioner responds that she "cannot be expected to remedy a problem she did not know existed." Opp'n at 8. She maintains that the circumstances that led to the error—her parents' lack of education and assimilation, as well as a civil war in Vietnam—constitute extraordinary circumstances to warrant an amendment under Rule 60(b)(6). *Id.*

Pursuant to Rule 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for any reason enumerated therein. Fed. R. Civ. P. 60(b). Rule 60(b)(6) acts as a catchall provision, stating that "the court may relieve a party . . . from a final judgment, order, or proceeding . . . [for] any other reason that justifies relief." A Rule 60(b)(6) motion "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1); *Lal v.*

5

*California*, 610 F.3d 518, 524 (9th Cir. 2010). Further, because it is a catchall provision, it "has been used sparingly as an equitable remedy to prevent manifest injustice." *United States v. Washington*, 593 F.3d 790, 797 (9th Cir. 2009) (quotation omitted). "[C]ases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). As such, "a party who moves for such relief 'must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with . . . the action in a proper fashion.'" *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (quoting *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002)).

The Court finds that relief under Rule 60(b)(6) is appropriate as circumstances beyond Petitioner's control prevented her from knowing her true year of birth. Petitioner's family carried no documentation when they fled Vietnam and escaped to a Malaysian refugee camp, and therefore had no means of proving her birth date. MTA at 3-4. Further, Petitioner had no means of discerning her age, as her parents never told her how old she was or celebrated her birthday. *Id.* at 4. There is also no evidence to suggest that Petitioner's parents purposefully lied about her age; indeed, Petitioner suggests that even her parents did not know her correct date of birth. *Id.*

Courts have allowed amendments to naturalization certificates pursuant to Rule 60(b)(6) under similar circumstances. In *Jung Ai Shin v. United States Citizenship & Immigration Services*, a clerical error made in South Korea resulted in the plaintiff's date of birth being incorrectly reported as September 8, 1951, which the plaintiff used on her application for naturalization. 2013 WL 571781, at *1. Nine years after naturalizing, the plaintiff alleged her mother told her that her correct birthday was February 16, 1954, and that "the family had not bothered to correct the error." *Id.* Once she learned of the error, the plaintiff sought to change her naturalization certificate to reflect her true date of birth. *Id.* The court held that relief under Rule 60(b)(6) was appropriate, given that "[c]ircumstances beyond her control prevented her from correctly reporting her birth date at the time of her immigration application." *Id.* at *2. As such, the plaintiff "was faultless in not knowing her true birth date because her family withheld this information from her throughout her life and for almost 10 years after she was naturalized." *Id.*

1    Similarly, Petitioner is faultless for the error on her naturalization certificate, as
2 circumstances beyond her control led her to believe that she was born in 1966. When she met
3 with U.S. immigration authorities as a child, Petitioner did not know her date of birth and did not
4 have any written documentation to provide such information. MTA at 4. Her parents are also
5 unable to explain how her birth year was determined, and they may not have actually known her
6 correct birth date. *Id.* Through no fault of her own, Petitioner believed in good faith that she was
7 born in 1966. She had no reason to believe that the birth year on her naturalization certificate was
8 erroneous until she obtained a copy of her birth certificate.

9    USCIS argues that it "has a strong interest in denying amendment requests that, if granted,
10 would encourage naturalization applications containing untruthful information, undermine the
11 reliability of naturalization certificates, and erode respect for the naturalization process." MTD at
12 16. While USCIS's concerns are generally valid, none of those concerns are applicable here.
13 USCIS does not allege that Petitioner purposefully misrepresented her date of birth on her
14 naturalization application. Petitioner, in good faith, reported her incorrect birth date on her initial
15 naturalization application, and she continued to believe that she was born in 1966 until she
16 received a copy of her birth certificate. She now seeks to amend her naturalization certificate so it
17 accurately reflects her true date of birth. Petitioner alleges that she cannot correct her driver's
18 license or United States passport unless her naturalization certificate is amended first. MTA at 5.

19    USCIS also argues that Petitioner failed to diligently act to correct her naturalization
20 certificate. MTD at 12; Reply at 7. However, "[w]hat constitutes 'reasonable time' depends upon
21 the facts of each case, taking into consideration the interest in finality, the reason for delay, the
22 practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other
23 parties." *Lemoge v. United States*, 587 F.3d 1188, 1196-97 (9th Cir. 2009) (quoting *Ashford v.*
24 *Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981) (per curiam)). Although Petitioner waited a number
25 of years before seeking relief in this Court, she did attempt to amend her birth date with USCIS in
26 2009 and again in 2013. MTA, Ex. F (2009 USCIS Appl. to Amend Naturalization Certificate),
27 Ex. G (2013 Appl. to Amend Naturalization Certificate). These acts suggest that Petitioner made
28 continuing efforts to remedy the mistake once she discovered it before filing her Motion with this

7

Court. *Cf. Yeshiwas v. U.S. Citizenship & Immigration Servs.*, 2014 WL 31455, at *2-3 (N.D. Cal. Jan. 3, 2014) (denying correction of naturalization certificate under Rule 60(b)(6) where petitioner was aware of error in birth date in 1986 but made no attempt to correct mistake until 2011).

Accordingly, the Court finds that relief under Rule 60(b)(6) is justified.

## CONCLUSION

For the foregoing reasons, the Court DENIES USCIS's Motion to Dismiss and GRANTS Petitioner's Motion to Amend her Naturalization Certificate. USCIS shall amend Petitioner's naturalization certificate to reflect her true birth year of 1964. The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

Dated: May 5, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge